**UNITED STATES of America,**
**Appellee,**

*v.*

**Adolphus HOHENSEE, an Individual, Scientific Living, Inc., A Corporation, El Rancho Adolphus Products, Inc., A Corporation, Appellants.**

**No. 12307.**

United States Court of Appeals
Third Circuit.

Submitted Dec. 6, 1957.

Decided Dec. 26, 1957.

---

Appellants not represented by counsel.

Robert J. Hourigan, Scranton, Pa., William J. Risteau, Washington, D. C., for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

Appellants were convicted of causing the introduction of misbranded drugs into interstate commerce in violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331(a).[1] The judgments of conviction were affirmed by this court and rehearing denied.[2] Certiorari was denied by the Supreme Court,[3] as was rehearing.[4]

On June 24, 1957, the day the individual appellant was committed to the custody of the Attorney General to serve his sentence, appellants filed an affidavit of prejudice against the trial judge and motions for a new trial and to vacate the sentences. The trial judge refused to disqualify himself and denied the motions.[5]

Appellants urge the disqualification of the trial judge first, because of two statements made by him in court, one in the course of a motion prior to trial and the second, during the trial. Both those incidents were before us on the appeal in this cause, fully argued then and passed upon specifically by us in our opinion. The second reason advanced is founded on the appearance of the picture of the trial judge in connection with a newspaper article concerning the appellants. The judge is merely referred to as having presided at the trial. There is no basis shown for the assertion that he implicitly lent his approval to the story. Finally it is alleged that the trial judge was biased because he was a defendant in an action filed by Hohensee, June 24, 1957, the day the latter started serving the sentence under the judgment of conviction which had by then been affirmed by this court with application for certiorari and rehearing on same having been denied by the Supreme Court. There is nothing in this contention as it stan.!s to warrant us holding that the trial court was prejudiced against appellants.

We have examined the motions for new trial and for vacation of the sentences. We find no merit in them.

The refusal of the trial judge to disqualify himself is sustained. The orders of the district court denying the motions for a new trial and vacation of the sentences will be affirmed.

---

1. D.C.1956, 140 F.Supp. 645.

2. 1957, 243 F.2d 367, 373.

3. May 27, 1957, 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136.

4. June 17, 1957, 354 U.S. 927, 77 S.Ct. 1376, 1 L.Ed.2d 1441.

5. Appellants also filed another motion titled "Motion in the Nature of a Writ of Mandamus for Injunctive Relief".

This was denied by another judge. It repeats in substance the charges in the affidavit alleging prejudice of the trial judge. Denial of this motion is listed under "Statement of Questions Involved" but it is not alluded to thereafter. Whether or not the point is abandoned by appellants, in order that there be no misunderstanding we note that we are satisfied that the denial of said motion was proper.